U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JENNIFER G. TENNEY,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, **JENNIFER G. TENNEY**, by and through her undersigned counsel, hereby sues the Defendant, **ROYAL CARIBBEAN CRUISES, LTD.,** and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) (admiralty) and the contractual language contained in the cruise ticket.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **JENNIFER G. TENNEY**, was and is a resident and domiciled in the State of Florida, now living in West Palm Cost, FL, and at all times material was a passenger on board defendant's vessel, **OASIS OF THE SEAS**.

5. At all times material, Defendants, **ROYAL CARIBBEAN CRUISES, LTD.,** personally or through an agent:

    A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

C. Operated vessels and provided vessels for cruises in the waters of this state;

D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

7. On or about August 31, 2014[1], Defendant owned and operated a passenger cruise ship known as the "**OASIS OF THE SEAS**."

8. At such time and place, Plaintiff, **JENNIFER G. TENNEY**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On August 31, 2014, while on board the **OASIS OF THE SEAS** which was operating in navigable waters, the Plaintiff, **JENNIFER G. TENNEY**, was seriously injured when she slipped and fell on a wet deck surface, she seriously injuring her neck, back and head.

---

[1] The Statute of Limitations has been extended by agreement between the parties until 11/30/15.

10. At all times material hereto Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

   A. Failing to exercise reasonable care for the safety of its passengers by creating a dangerous condition on the deck surfaces on the Royal Caribbean *Oasis of the Seas*;

   B. Failing to properly maintain the deck surfaces and walkway on The Oasis of the Seas in a reasonably safe condition;

   C. Failing to inspect the deck and walking surfaces on The Oasis of the Seas in a sufficient and diligent manner to observe wear and tear on deck surface of The Oasis of the Seas;

   D. Failing to provide a reasonable walkway and deck surface on its vessel, reasonably fit for use by its passengers;

   E. Failing to warn passengers, including Plaintiff of the existence of worn deck surfaces on The Oasis of the Seas, of which Defendant knew of or in the exercise of reasonable care, should have known existed for a sufficient period of time to require repair or replacement in the subject area;

   F. Negligently establishing and enforcing a method of operation on Deck 16 for inspection and maintenance of the deck and walkway surfaces, where Plaintiff fell;

   G. Allowing a dangerous condition to exist notwithstanding prior substantially similar injury incidents on worn deck surface on this and other vessels in its fleet and this class, with sufficient frequency to both provide notice and create a pattern of conduct which demands remedy;

   H. Failing to train crew members in the assessment, inspection, discovery, and recommend action for repairs of worn deck surfaces on the Oasis of the Seas;

   I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR

96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

12.     As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **JENNIFER G. TENNEY**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **JENNIFER G. TENNEY**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.,** a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: November 30, 2015.

>
> LAW OFFICE OF GLENN J. HOLZBERG
> Offices at Pinecrest II, Suite 220
> 7685 S.W. 104th Street
> Miami, Florida 33156
> Telephone: (305) 668-6410
> Facsimile:  (305) 667-6161
>
> BY:    /s/ Glenn J. Holzberg
>        GLENN J. HOLZBERG
>        Fla. Bar # 369551